**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**EDWARD HERNANDEZ,**

    Plaintiff,

v.                                                                                          Case No: 5:14-cv-577-Oc-39PRL

**NORMAN H. ANDERSON, M.D., P.A.
d/b/a ROBERT BOISSONEAULT
ONCOLOGY INSTITUTE, a Florida
Profit Company, and NORMAN H.
ANDERSON, M.D., Individually,**

    Defendants.

## ORDER

In this Fair Labor Standards Act case, Plaintiff Edward Hernandez alleges that Defendants Norman H. Anderson, M.D., P.A., d/b/a Robert Boissoneault Oncology Institute, a Florida Profit Company, and Norman H. Anderson, M.D., individually, denied him overtime compensation earned during his employment with them (jointly) as a "Maintenance/Housekeeper." (Doc. 2). Plaintiff contends that from December 2011 through December 2013 he worked (some unspecified amount) over 40 hours per week for Defendants, but was not properly compensated for his overtime. *Id.* at ¶¶ 8-9. Specifically, he alleges that Defendants failed to pay him for off-the-clock work, travel between jobsites, skipping lunches, and wages due upon his separation from employment. *Id.* at ¶¶ 10-11.

## I. BACKGROUND

Nearly one year after his separation from employment with Defendants, Plaintiff initiated this action in State court. (Doc. 1). He now seeks to recover damages and costs from Defendants (who removed the case) for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. ¶ 201 *et seq.*, (Count I), and Unpaid Wages pursuant to Florida Statute Chapter 448 (Count II). (Doc. 2).

Defendants now move to dismiss Plaintiff's FLSA claim for failure to state a claim upon which relief may be granted (Doc. 7), to which Plaintiff has responded (Doc. 11). Upon due consideration, I submit that Defendants' Motion to Dismiss should be **GRANTED** as to Count I, as Plaintiff's Complaint is deficient under Fed. R. Civ. P. 8.[1]

## II. LEGAL STANDARD

The bare minimum a plaintiff must set forth in her complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[1] Although Defendants argue in their Motion to Dismiss that the Complaint should be dismissed—ostensibly in its entirety—they offer no arguments to support dismissal of Count II. Indeed, Defendants do not mention Count II and limit their arguments to Plaintiff's claim under the FLSA. Presumably, Defendants fail to discuss Count II because they hope (without stating it) that the Court will simply decline to exercise supplemental jurisdiction over that claim in the event Count I is dismissed.

relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Defendants argue that the Court should dismiss Count I because Plaintiff fails to state a claim under the FLSA. (Doc. 7). Specifically, Defendants argue that the Plaintiff fails to allege sufficient facts to establish that Defendants are subject to the requirements of the FLSA through enterprise coverage,[2] or even that Dr. Anderson (who is sued individually) is an employer under

---

[2] While Defendants' heading in their motion to dismiss states that Plaintiff failed to allege sufficient facts to establish both enterprise and individual coverage, their argument is actually limited to enterprise coverage. (Doc. 7, p. 3). In any event, based on the Court's reading of the Complaint, it appears that Plaintiff solely alleges (joint) enterprise coverage—not individual coverage—under the FLSA. *See Smith v. Aaron's, Inc.*, 2013 WL 3196581, at *2 (M.D. Fla. June 21, 2013) (court assumed plaintiff was claiming enterprise coverage on the basis of allegations in complaint). That is, the Complaint contains no facts to

the Act.  Defendants also dispute the sufficiency of Plaintiff's Complaint with respect to the overtime hours and willfulness of the Defendants.  I agree with the Defendants that Plaintiff's Complaint as to Count I is inadequate.

### A. Plaintiff Has Failed to State a Claim for Violation of FLSA.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).  In order to state a claim for failure to pay overtime wages under the FLSA, Plaintiff here must demonstrate: (1) an employment relationship, (2) that the employer is an enterprise engaged in interstate commerce covered by the FLSA, and (3) that the employee worked over forty hours per week, but was not paid overtime wages.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277, n.68 (11th Cir. 2008).

As to second prong, Plaintiff's contention that "[c]ombined with the allegation that both Defendants are employers as defined by the FLSA, and that Plaintiff worked for Defendants—jointly—as a Maintenance/Housekeeper" (Doc. 11, p. 2), is insufficient to survive Defendants' motion.  Enterprise coverage exists if an employer has (1) employees who engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on things that have been moved in or produced for interstate commerce by any person, and (2) has annual business revenue of more than $500,000.  *See Vignoli v. Clifton Apartments, Inc*., 930 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013).  Commerce, in turn, means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id.* (quoting 29 U.S.C. § 203(b)).

---

support individual coverage, which an employee may only claim if he directly participated in the actual movement of persons or things in interstate commerce.  *See Burge v. Kings Realty Grp.*, LLC, 2012 WL 4356815, at *2 (M.D. Fla. Sept. 24, 2012) ("[A]n employee may claim individual coverage if he regularly and directly participates in the actual movement of persons or things in interstate commerce.").  As Plaintiff alleges none of these activities, it is plain that individual coverage is not established.

Now, two businesses may be considered a joint enterprise, for purposes of establishing enterprise coverage, if they are sufficiently related. *Id.* at 1346 (citing *Gonzalez v. Old Lisbon Rest. & Bar, LLC*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011)). To test whether a joint enterprise exists, courts "look beyond formalistic corporate separation to the actual, pragmatic operation and control" of the business entities. *Id.* (quoting *Cornell v. CF Ctr., LLC*, 410 Fed. Appx. 265, 268 (11th Cir. 2011) (quotation omitted)). To establish this theory, then, a plaintiff must allege facts that the two businesses "(1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *Id.* (quoting *Gonzalez*, 820 F. Supp. 2d at 1368).

**1. Interstate Commerce**

While detailed factual allegations are not necessarily required for enterprise coverage, here Plaintiff has failed to include even a minimal amount of factual matter to support such coverage. *See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008) (dismissing complaint for failure to properly allege enterprise coverage). Not only has he omitted from the Complaint any *facts* supporting an allegation of interstate commerce, but he has failed to even allege that Defendants were engaged in interstate commerce at all. This allegation is certainly necessary. *See Burge*, 2012 WL 4356815, at *3 ("even with liberal construction, [the complaint] lacks any factual allegations to support the legal conclusion that Burge or Defendants were engaged in commerce"); *Bailey v. Cooper*, 2011 WL 818110, at *2 (S.D. Fla. Mar. 2, 2011) (granting motion to dismiss partly because "[t]here are no . . . facts regarding Plaintiff's job duties or any facts describing how the business is operated that demonstrate Plaintiff is engaged in commerce"); *Bohenkamp v. JT Private Duty Home Care, LLC*, 2014 WL 4417836, at *3 (M.D. Fla. Sept. 8, 2014) (denying dismissal of FLSA claim where

plaintiff simply alleged that defendant was engaged in commerce). Indeed, in some courts, plaintiffs alleging *more* facts than those stated here have failed to survive a motion to dismiss. *See, e.g., Smith v. Aaron's, Inc.*, 2013 WL 3196581, at *3 (M.D. Fla. June 21, 2013) (granting motion to dismiss FLSA complaint where the factual allegations that deliveries were made "within the State of Florida" and that individuals performed services for defendant in Florida "appear to contradict the allegation of interstate commerce" and was thus insufficient). Plaintiff's failure in this regard warrants dismissal of this Complaint.

In addition to not alleging Defendants' engagement in interstate commerce, Plaintiff also fails to even allege what type of business Defendants conduct or what specific duties Plaintiff performed while in their employ. *See Santiago v. Gold2Cash, Inc.,* 2014 WL 5590820, at *2 (M.D. Fla. Nov. 3, 2014) (dismissing complaint alleging interstate commerce for failure to provide factual support for the allegations, such as the nature of defendants' business, how that business engaged in interstate commerce, or how plaintiff and defendants' other employees engaged in interstate commerce); *Stewart v. Sterling Tech. Solutions, LLC*, 2012 WL 2680798, at *3 (M.D. Fla. June 12, 2012) report and recommendation adopted, 2012 WL 2680548 (M.D. Fla. July 6, 2012) (denying default judgment on FLSA claim where plaintiff asserted she was a sales representative, but did not otherwise describe the nature of the work she performed, or the products she sold, and where the complaint was "silent on exactly what the business is"); *Gonzalez*, 820 F. Supp. 2d at 1370 (granting motion to dismiss FLSA complaint alleging joint enterprise where complaint was devoid of "any allegations describing the type of business activities in which Defendants are engaged and for what purpose"). The Complaint in this case merely states legal conclusions, (*e.g.*, "Defendants are joint employers and/or common enterprises with regard to Plaintiff's employment" (Doc. 2, ¶ 6)), all lacking the factual basis to support the allegation of

enterprise coverage. *See Crowley v. Osprey Exhibits & Graphics, Inc.*, 2014 WL 4059894, at *1 (M.D. Fla. Aug. 14, 2014) (granting motion to dismiss where plaintiff failed to allege the nature of both defendant's business and plaintiff's own work); *Ceant*, 874 F. Supp. 2d at 1377 (dismissing complaint which provides no factual allegations about the nature of plaintiff's work or the nature of defendant's business, and fails to connect either to interstate commerce).

### 2. Gross Annual Revenue

The Complaint is also devoid of allegations regarding Defendants' gross annual revenue as to each defendant or both jointly. At a minimum, a plaintiff must allege that a defendant's annual gross sales exceed $500,000. *See, e.g., Anderson v. Cuenca Safety & Crime Prevention, Inc.*, 2013 WL 5587941, at *3 (M.D. Fla. Oct. 9, 2013) (denying dismissal where plaintiff alleged based on information and belief that defendant had annual gross sales in excess of $500,000); *W. v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012) (allegation "upon information and belief" that "the annual gross revenue of defendants was in excess of $5,000,00.00 [*sic*] per annum," was sufficient at motion to dismiss stage to establish enterprise coverage); *Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145, at *3 (M.D. Fla. Feb. 23, 2012) (same). This, Plaintiff has simply failed to do. *See Vierra v. Sage Dining Servs., Inc.*, 2010 WL 4867557, at *3 (M.D. Fla. Nov. 23, 2010) (dismissing FLSA complaint where "[plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000").

### 3. Joint Enterprise

Lastly, Plaintiff's bare allegation—"Defendants are joint employers and/or common enterprise with regard to Plaintiff's employment" (Doc. 2, ¶ 6)—is also insufficient to state a claim under a *joint* enterprise theory. *See Vignoli*, 30 F. Supp. 2d at 1246-47 (plaintiffs failed to allege

joint enterprise where complaint contained no factual allegations describing the type of business activities in which defendants jointly engaged, a unified or common control between defendants, how either business was operated or controlled, or a common business purpose, and was unclear whether defendants were joint owners of rental property). Plaintiff offers no factual matter to show that a joint enterprise exists.

In sum, Plaintiff relies on mere legal conclusions to oppose Defendants' motion. "Such a bare-bones complaint runs afoul of *Twombly* and *Iqbal*," *Bailey*, 2011 WL 818110, at 2, and does not satisfy Fed. R. Civ. P. 8's pleading standard.

### B. Plaintiff Has Failed to State a Claim for Individual Liability as to Dr. Anderson.

While I submit that Count I is due to be dismissed because Plaintiff has failed to allege sufficient facts to satisfy the second prong of the analysis, I note that Plaintiff has also failed to establish sufficient facts to establish prong one against Dr. Anderson – that is, whether or not he is even an employer, individually. Plaintiff's contention that Dr. Anderson is an "employer" as defined under the FLSA, and thus, may be held personally liable for the company's violations under the FLSA, is inadequate. (Doc. 11, pp. 3-4).

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts in the Eleventh Circuit have found that "[w]hether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" *Otero v. Medicomp, Inc.*, 2013 WL 5854729, at *1 (M.D. Fla. Oct. 30, 2013) (quoting *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973)). In order to determine whether an individual is an employer under the FLSA, courts evaluate the "economic reality of the relationship between the parties." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888

(11th Cir. 2011) (quoting *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). Specifically, the court considers "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal*, 113 F.3d at 205. While there is no requirement that an individual must be a corporate officer in order to be an "employer" under the FLSA, *see Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309–10 (11th Cir.2013), to be individually liable, an officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

In this case, the Complaint alleges one fact and one fact only about Dr. Anderson: that he "is an individual who is an employer as defined by the FLSA." (Doc. 2, ¶ 6). Plaintiff fails to allege anything more that would allow the Court to even engage in the economic realities test, much less determine whether he is an employer under the FLSA. Specifically, Plaintiff fails to allege whether Dr. Anderson had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records. *See Kasby v. Upper Deck Bar & Grill, LLC*, 2013 WL 6050747, at *6 (M.D. Fla. Nov. 15, 2013) (plaintiff sufficiently demonstrated defendant was an employer by alleging he managed and/or operated the business, regularly exercised authority to hire and fire employees, determined work schedules of employees, set employee pay rates, and controlled the finances and operations of the business). Moreover, he does not allege that Dr. Anderson directed day-to-day operations or possessed operational control of business activities. *See Crotts v. Univ. Structures, Inc.*, 2008 WL 2953044, at * 1 (M.D. Fla July 29, 2008) (dismissing claim of individual liability where plaintiff failed to allege that defendant directs day to day

operations, set employee schedules, hires or fires employees, determines compensation, or possesses operational control of business activities).

In short, Plaintiff has utterly failed to allege sufficient facts to impose individual liability against Dr. Anderson as an employer under the FLSA.

### C. Plaintiff's Additional Allegations

Although the Court need not address the remaining arguments, I do note that Plaintiff's Complaint is quite bare bones in the ways that Defendants argue.

#### 1. Overtime

Under the FLSA, an employee is "guarantee[d] either regular or overtime compensation for all actual work or employment." *Dade Cnty., Fla. v. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997) (quotation omitted). "[A] plaintiff must show as a matter of just and reasonable inference the amount and extent of [her] work in order to demonstrate that [s]he was inadequately compensated under the FLSA." *Cooper v. Cmty. Haven for Adults & Children With Disabilities*, 2013 WL 24240, at *9 (M.D. Fla. Jan. 2, 2013) (internal quotation marks omitted) (quoting *Ekokotu v. Fed. Express Corp.,* 408 F. App'x 331, 340 (11th Cir. 2011)). In addition, "to be liable under the FLSA the employer must know or have reason to believe that the employee has worked overtime hours." *Id.* (citing *Reich v. Dep't of Conservation & Natural Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994)).

Here, Plaintiff alleges that he worked for Defendants between December 2011 and December 2013, and that he was denied some unspecified amount of overtime. (Doc. 2, ¶ 8). Other than providing the general timeframe during which he worked, and claiming that he was not compensated for "off the clock work," "travel between jobsites," and "skipping lunches" (Doc. 2, ¶ 10), he fails to provide any dates or date ranges during which he worked overtime, or "any other

factual basis on which this Court can make a 'just and reasonable inference' as to the amount and extent of [his] work." *St. Croix v. Genentech, Inc.*, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (granting motion to dismiss where plaintiff failed to provide sufficient factual support to demonstrate that she was inadequately compensated under the FLSA); *but see Dobbins*, 2012 WL 601145, at *3-4 (finding allegations that plaintiff worked as a non-exempt courier from August 2007-July 2011 and was owed overtime wages sufficient to survive motion to dismiss). The Eleventh Circuit has required something more than that which Plaintiff has alleged: a plaintiff must at least provide "evidence of the amount and extent of . . . work" in order to survive a motion to dismiss. *Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1, 2 (11th Cir. 2008) (affirming district court's dismissal of FLSA overtime claim for failure to meet the "just and reasonable inference" standard because plaintiff's "complaint and attached documentation provide no evidence of the amount and extent of [plaintiff's] work").

### 2. Willfulness

In order to prove a willful violation (for purposes of the statute of limitations and liquidated damages), a plaintiff must show that a defendant knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Stewart*, 2012 WL 2680798, at *4 (liquidated damages are available "upon a showing of willfulness").

Courts in the Eleventh Circuit require some factual allegation from which they could infer that a defendant's alleged failure to pay was willful. *See, e.g., Burge*, 2012 WL 4356815, at *3-4 (dismissing FLSA claim for willful minimum wage violation due to insufficient factual allegations showing enterprise or individual coverage); *St. Croix*, 2012 WL 2376668, at *2 (dismissing FLSA claim for unpaid overtime where the plaintiff offered "scant facts" to support

its claim, including allegation that the defendant's actions were "intentional and willful"). Here, however, Plaintiff simply alleges that "Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful." (Doc. 2, ¶ 15). Such an allegation can only be described as an "unadorned" legal conclusion. *Iqbal*, 556 U.S. at 678. Plaintiff provides no additional factual support to demonstrate that Defendants' alleged failure to pay him overtime was intentional.

## IV. CONCLUSION

Given its overall lack of factual information, Plaintiff's Complaint constitutes little more than a "formulaic recitation of the elements of a cause of action," and it is an incomplete one at that. *Burge*, 2012 WL 4356815, at *4 (quoting *Twombly*, 550 U.S. at 555). Specifically, because the Complaint fails to provide sufficient factual support to properly allege a claim for unpaid overtime wages under the FLSA, the Court hereby **GRANTS** Defendants' Motion to Dismiss Count I (Doc. 7). Plaintiff shall have until **June 24, 2015** to amend the Complaint consistent with Fed. R. Civ. P. 11, failing which the remaining count (Count II) will be dismissed, as the Court will decline to exercise ancillary jurisdiction.

**DONE** and **ORDERED** in Ocala, Florida on June 4, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy