**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**EDWARD HERNANDEZ,**

    **Plaintiff,**

**v.**                                                                                             **Case No: 5:14-cv-577-Oc-PRL**

**NORMAN H. ANDERSON and**
**NORMAN H. ANDERSON**

    **Defendants.**

## ORDER

This matter, brought pursuant to the Fair Labor Standards Act ("FLSA"), is before the court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action With Prejudice. (Doc. 24). The parties state that they have executed a Confidential Settlement Agreement and General Release following settlement of the action. (Doc. 24). Thus, because the terms of the settlement are confidential, they request that the Court either hold a hearing on the instant motion or review the terms of the Settlement Agreement *in camera*.

Claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters "a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving a FLSA settlement, the court must determine if it "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

- 2 -

With respect to attorney's fees and costs, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (*quoting Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. Where the parties submit a proposed agreement that contains a compromise of the plaintiff's claims, includes a complete disclosure of the terms of the agreement (including the reasons for the compromise), and reflects separate consideration of the plaintiff's attorney's fee, then the Court will generally approve the settlement without a separate reasonableness analysis of the attorney's fee, unless the fee appears unreasonable on its face or there is reason to believe the plaintiff's recovery was adversely affected by the fee. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

It is, of course, well-settled that confidentiality provisions in FLSA settlement agreements contravene FLSA policy. "A confidentiality agreement, if enforced, (1) empowers an employer to retaliate against an employee for exercising FLSA rights, (2) effects a judicial confiscation of the employee's right to be free from retaliation for asserting FLSA rights, and (3) transfers to the wronged employee a duty to pay his fellow employees for the FLSA wages unlawfully withheld by the employer." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Indeed, as noted in *Dees*, "[t]his unseemly prospect vividly displays the inherent impropriety of a confidentiality agreement in settlement of an FLSA dispute." *Id.* Courts, therefore, routinely reject as unreasonable compromises that contain confidentiality provisions, which are

- 3 -

unenforceable and operate in contravention of the FLSA. Here, the parties suggest that the entire agreement is confidential.

Accordingly, the parties' motion is **DENIED** without prejudice. By June 19, 2015, the parties shall submit a settlement agreement that complies with those cases set forth in this Order.

Alternatively, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) the parties may file a Joint Stipulation for Dismissal with Prejudice by June 19, 2015. *See Mallacacio v. Central Florida Freezer, Inc.*, Case No.: 5:13-cv-56-ACC-PRL, Doc. 35 (M.D. Fla. October 23, 2013)(relieving the parties of submissions for approval where the Court determined that the parties' voluntary dismissal is "self-executing"); *see also Walker v. Kamiles Services, LLC*, Case No.:6:13-cv-01318-ACC-GJK, Doc. 16 (M.D. Fla. October 23, 2013)(dismissing and closing FLSA case dismissed pursuant to Fed. R. Civ. P. 41).

**DONE** and **ORDERED** in Ocala, Florida on June 15, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties