**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**EDWARD HERNANDEZ,**

      **Plaintiff,**

**v.**                                                                      **Case No: 5:14-cv-577-Oc-PRL**

**NORMAN H. ANDERSON and**
**NORMAN H. ANDERSON**

      **Defendants.**

_____

## ORDER

This matter, brought pursuant to the Fair Labor Standards Act ("FLSA"), is before the Court on the parties' Amended Joint Motion for Settlement Approval and Dismissal with Prejudice (Doc. 26). The issue is whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Upon due consideration, the motion is due to be denied without prejudice.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."  *Id.* at 1354.   In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

As set forth in the motion (Doc. 26) and Settlement Agreement (Doc. 26-1), the settlement provides that Defendant will pay Plaintiff a total of $16,500: $8,000 in satisfaction of his FLSA overtime claims, $8,000 in satisfaction of his claim for liquidated damages under the FLSA, and $500 for his release of "any other claims he has, may have, or has ever had against the Defendants up to and including the Effective Date of this Agreement."  (Doc. 26-1, p. 3).   The agreement further states that Defendants will pay Plaintiff's counsel $16,000, satisfying any claim by Plaintiff and/or his attorneys against Defendants for an award of attorneys' fees and costs in connection with this case.   (Doc. 26-1, p. 3).

First, the Court notes that the proposed settlement agreement contains a confidentiality provision in paragraph 6 (Doc. 26-1, p. 4), prohibiting Plaintiff and his spouse from filing a copy of the agreement with any court or agency, posting it to any Internet site, or making statements about the action, with certain exceptions.   The parties previously filed a similar motion, requesting that the Court approve their confidential agreement to settle Plaintiff's FLSA claims.   (Doc. 24). In the Order denying the motion, the Court reminded the parties that "[it] is, of course, well-settled that confidentiality provisions in FLSA settlement agreements contravene FLSA policy," and that

such compromises "are unenforceable." (Doc. 25, pp. 2-3). As plainly stated in the previous Order, the Court cannot approve or enforce any provisions in a settlement agreement calling for keeping the terms of the settlement confidential, as such provisions contravene FLSA policy, *see Dees v. Hydradry, Inc*., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010), and attempt to limit Plaintiff's rights under the First Amendment, *see Valdez v. T.A.S.O. Properties, Inc.,* 2010 WL 1730700, at *1, n.1 (M.D. Fla. Apr. 28, 2010).

Next, the settlement agreement contains a broad general release in paragraph 4 in which Plaintiff agrees to release Defendants from a wide range of unrelated claims. The release includes virtually any conceivable claim arising (quite prophylactically) "from the beginning of the world" until the date of the agreement, including "any and all actions" which could have been asserted in this case and under the FLSA or other laws including but not limited to claims regarding employment, termination, or payment of wages. (Doc. 26-1, p. 3). In consideration of this release, Defendants agree to pay Plaintiff the sum of $500.

This Court has determined that such pervasive releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id*. at 1352.

The Court will provide the parties an opportunity to file another. The parties should file a revised proposed settlement agreement no later than **June 26, 2015**.

Alternatively, as previously stated, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) the parties may file a Joint Stipulation for Dismissal with Prejudice by June 26,

2015.   *See Mallacacio v. Central Florida Freezer, Inc.*, Case No.: 5:13-cv-56-ACC-PRL, Doc. 35 (M.D. Fla. October 23, 2013)(relieving the parties of submissions for approval where the Court determined that the parties' voluntary dismissal is "self-executing"); *see also Walker v. Kamiles Services, LLC*, Case No.:6:13-cv-01318-ACC-GJK, Doc. 16 (M.D. Fla. October 23, 2013)(dismissing and closing FLSA case dismissed pursuant to Fed. R. Civ. P. 41).

　　　　**DONE** and **ORDERED** in Ocala, Florida on June 22, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties